FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2012 JUN 21 A 11: 09

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| AUSTIN RARE COINS, INC.<br>10800 Pecan Park Blvd. Suite 250<br>Austin, TX 78750<br><br>v.<br><br>ACOINS.COM, GOLD-PRICES.COM,<br>GOLDCOINS.ORG, GOLDINFO.NET,<br>GOLDPRICES.COM,<br>RARECOINS.COM,<br>RARECOINS.ORG, SILVERINFO.NET,<br>domain names subject to domain name<br>authorities located in this judicial district | Case No. 1:12cv678<br>GBL/TRJ |

## ***IN REM* COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, Austin Rare Coins, Inc., through undersigned counsel, files this suit against the domain names ACOINS.COM, GOLD-PRICES.COM, GOLDCOINS.ORG, GOLDINFO.NET, GOLDPRICES.COM, RARECOINS.COM, RARECOINS.ORG, and SILVERINFO.NET which are domain names subject to a domain name authority located in this judicial district, and states as follows:

### Nature of the Action

1. This action arises under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 USC 1125 et seq. The Defendant domain names, which were all previously owned by Plaintiff, were unlawfully stolen from the Plaintiff and are now being used in violation of the Plaintiff's common law trademark rights.

1

2. Plaintiff seeks a declaratory judgment that Plaintiff is the proper owner of the domain names. Plaintiff also seeks injunctive relief ordering the transfer of the domain names back to Plaintiff's control.

### Parties

3. Plaintiff Austin Rare Coins, Inc. is a Texas corporation with an address of 10800 Pecan Park Blvd. Suite 250 Austin, TX 78750.

4. Defendants are domain names registered pursuant to rules promulgated by a domain name authority in this judicial district.

### Jurisdiction and Venue

5. The Court has original subject matter jurisdiction pursuant to 28 USC 1331 and the Lanham Act, codified as 15 USC 1125(d).

6. This Court has personal jurisdiction in this matter because the domain names are "in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located." 15 USC 1125(d)(2)(A). VeriSign, Inc., the registry for both .COM and .NET top level domain names, and The Public Interest Registry, the registry for all .ORG top level domain names, are both located within this judicial district.

7. Plaintiff has properly filed this *in rem* action because Plaintiff's due diligence did not identify "a person who would have been a defendant" in this matter. 15 USC 1125(d)(2)(A)(ii). On information and belief, the contact information found on each of the WHOIS records for the domains at issue is fraudulent.

8. Venue is proper in this Court because "a substantial part of property that is the subject of the action is situated," namely, the domain names, are in this judicial district pursuant to 28 USC 1391(b) and 15 USC 1125(d)(2)(A).

### Notice of Suit to Registry and Registrar

9. Plaintiff has notified, or is in process of notifying the domain name registries and the domain name registrar of this action, by providing "written notification of a filed, stamped copy of a complaint filed by the owner of a mark in a United States district court" pursuant to 15 USC 1125(d)(2)(D)(i).

10. The registries and registrar are all on notice that "the domain name registrar, domain name registry, or other domain name authority shall— (I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court; and (II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court." 15 USC 1125(d)(2)(D)(ii).

### Background

11. Plaintiff buys and sells rare coins, bullion and other precious metals. Plaintiff has been in business for over ten years and consistently uses its domain names to market its products and services and interact with clients.

12. Plaintiff is the past owner of each of the domain names at issue in this matter. Prior to the theft of the domain names, Plaintiff continuously owned and operated the domain names in commerce.

13. On or before May of 2011, a hacker or inside employee took control of the servers, email program, and mailboxes of Plaintiff. Upon taking control of the applicable email addresses, the

thief initiated a transfer of the domain names previously held by Plaintiff to another domain registrar without the permission of Plaintiff.

14. The theft is presently being investigated by the United States Federal Bureau of Investigation (FBI).

*Plaintiff Has Established Rights in ACOINS.COM*

15. Complainant has been the owner of record of ACOINS.COM since September of 2002 and maintained consistent ownership of the domain name prior to Respondent's actions.

16. Complainant has consistently advertised bona-fide services on the domain since September 2002.

17. The domain name ACOINS.COM has been in consistent operation by Complainant since 2002 and was only taken offline when the domain was recently seized by the Respondent.

18. In addition to continuous use via its own website, third parties have recognized ACOINS.COM as being owned and operated by Complainant. For example, the Better Business Bureau has specifically referred to ACOINS.COM as a site owned and operated by Austin Rare Coins. In addition, third party Symantec authenticated ACOINS.COM to Austin Rare Coins, Inc. on May 9, 2011 for purposes of issuing an SSL certificate.

19. Furthermore, the domain name ACOINS.COM receives more than enough web traffic to establish trademark rights. More than 22,000 unique visitors visited the domain name from approximately July of 2011 until January of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

20. Complainant also routinely sent out newsletters to lists of approximately 90,000 opt-in recipients using the email address "sales@acoins.com" featuring links to a "Yahoo! Shopping" store. Other newsletters had direct links to ACOINS.COM.

*Plaintiff Has Established Rights in GOLD-PRICES.COM*

21. Complainant or its officers have been the owner of record of GOLD-PRICES.COM since at least April of 2001.

22. Complainant has consistently advertised bona-fide services on the domain since October of 2003. In one instance, the site located at GOLD-PRICES.COM advertises: "Click here for Today's Best Gold Prices. Shop Austin Rare Coins & Bullion for today's best buys on gold coins, gold bullion, gold American Eagles and just released 2011 coins."

*Plaintiff Has Established Rights in GOLDCOINS.ORG*

23. Complainant or its officers have been the owner of record of GOLDCOINS.ORG since at least June of 2001.

24. Complainant has consistently advertised bona-fide services on the domain since October of 2003. Notably, Complainant notes that "Austin Rare Coins has gold coin specialists available anytime," in the text of the webpage. Complainant also notes that the material is "Copyright 2003 Austin Rare Coins. Inc."

25. Furthermore, the domain name GOLDCOINS.ORG receives more than enough traffic to establish trademark rights. More than 137,000 unique visitors visited the domain name from approximately January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

*Plaintiff Has Established Rights in GOLDINFO.NET*

26. Complainant or its officers have been the owner of record of GOLDINFO.NET since at least May of 2003.

27. During its long period of ownership, Complainant consistently advertised bona-fide services on the domain. Again, Complainant clearly identified the source of the goods in the text of the content: "Welcome to the gold division of . . . Austin Rare Coins."

28. In addition to consistent use in the marketplace, Complainant registered the assumed name of "Gold Information Network" with the State of Texas' Secretary of State as early as June 6, 2000.

29. The Better Business Bureau has also specifically referred to GOLDINFO.NET as a site owned and operated by Austin Rare Coins. In addition, third party Symantec authenticated GOLDINFO.NET to Austin Rare Coins, Inc. on February 16, 2011 for purposes of issuing an SSL certificate.

30. Furthermore, the domain name GOLDINFO.NET receives more than enough traffic to establish trademark rights. More than 784,000 unique visitors visited the domain name from approximately January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

31. Complainant also routinely sent out newsletters to lists of approximately 90,000 recipients featuring links to GOLDINFO.NET. Other newsletters also had direct links to GOLDINFO.NET.

32. Complainant also has a demonstrated history of substantial advertising of goldinfo.net. For example, Complainant invested in a custom search engine for the domain name. Complainant also spent more than $74,000 for the specific search engine marketing promotion of GOLDINFO.NET.

33. Complainant's consistent use of the "Gold Info" mark has led to demonstrated sales of over $14 million, via 13,164 unique orders, under the assumed name of "Gold Information Network."

*Plaintiff Has Established Rights in GOLPRICES.COM*

34. Complainant or its officers have been the owner of record of GOLDPRICES.COM and have continued to maintain such ownership. While an archived copy of the prior advertising of the domain is not presently available, due to Respondent's implementation of a robots.txt file, Complainant has consistently used the domain similarly to the other domains in this action.

35. Furthermore, the domain name GOLDPRICES.COM receives more than enough traffic to establish trademark rights. More than 528,000 unique visitors visited the domain name from approximately January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

*Plaintiff Has Established Rights in RARECOINS.COM*

36. Complainant or its officers have been the owner of record of RARECOINS.COM since at least November of 2002 and have continued to maintain such ownership. During its long period of ownership, Complainant has consistently advertised bona-fide services on the domain. In the advertisements, Complainant makes it clear that it is the source of the goods, explaining that "Austin Rare Coins buys a coin for every coin we sell," and noting that the material is "© 2007 Austin Rare Coins. Inc."

37. Furthermore, the domain name RARECOINS.COM receives more than enough traffic to establish trademark rights. More than 38,000 unique visitors visited the domain name from approximately January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

38. In addition to consistent use in the marketplace, Complainant registered the assumed name of "Rarecoins.com" with the State of Texas' Secretary of State as early as June 6, 2000.

*Plaintiff Has Established Rights in RARECOINS.ORG*

39. Complainant or its officers have been the owner of record of RARECOINS.ORG since at least May 20, 2000 and have continued to maintain such ownership. During its long period of ownership, Complainant has consistently advertised bona-fide services on the domain. As usual, the text of the content indicates that Complainant is the source of the goods. For example, "Austin Rare Coins has just announced the first release of Seated Liberty Half Dollars from the 1865 S.S. Republic Shipwreck," and "Austin Rare Coins is proud to present the Rare Coins University website," appear on the web site.

40. Furthermore, the domain name RARECOINS.ORG receives more than enough traffic to establish trademark rights. More than 71,000 unique visitors visited the domain name from approximately January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

*Plaintiff Has Established Rights in SILVERINFO.NET*

41. Complainant or its officers have been the owner of record of SILVERINFO.NET since at least August 25, 2008 and continued to maintain such ownership until the theft.

42. During its long period of ownership, Complainant has consistently advertised bona-fide services on the domain. Again, Complainant specifically identifies itself as the source of the goods, declaring that the content is "A service of Austin Rare Coins & Bullion."

43. Furthermore, the domain name SILVERINFO.NET receives enough traffic to establish trademark rights. More than 2,000 unique visitors visited the domain name from approximately

January of 2010 until April of 2012. These more recent traffic numbers do not include the numerous visitors from years of prior ownership of the domain name.

### First Cause of Action: Anti-Cybersquatting Consumer Protection Act

44. Plaintiff's trademarks have achieved secondary meaning in the relevant marketplace.

45. The unknown registrant of the domain names fraudulently registered the domain name with the bad faith intent to profit or otherwise trade on Plaintiff's rights in its name.

46. Plaintiff's common law trademark rights arise due to consistent use in the marketplace, third-party recognition, volume of sales, and market recognition. Plaintiff's trademarks in the domain names are accordingly protectable under 15 USC 1125(d).

### Second Cause of Action: Tortious Interference with Contractual Relationship

47. Plaintiff entered contracts to control each of the domain names at issue in this matter.

48. The unknown thief's actions have resulted in the domain names being transferred away from Plaintiff's control, and interfering with the Plaintiff's rights under its contracts with the applicable domain name registrars.

### Third Cause of Action: Conversion

49. Plaintiff has property rights in the domain names at issue based on its prior ownership.

50. The unknown thief has taken control of the subject domain names and is wrongfully exercising control and authority over the subject domain names.

51. The control and authority exercised by the unknown thief deprives Plaintiff of its property rights in the subject domain names.

### Fourth Cause of Action: Declaratory Judgment

52. Plaintiff entered contracts to control each of the domain names at issue in this matter.

53. The unknown thief's actions have resulted in the domain names being transferred away from Plaintiff's control.

54. Plaintiff requests, pursuant to 28 USC 2201, a declaration of the rights of the Plaintiff to the domain names at issue in this matter.

## Prayer for Relief

Plaintiff seeks relief as follows:

1. Transfer of the domain names ACOINS.COM, GOLD-PRICES.COM, GOLDCOINS.ORG, GOLDINFO.NET, GOLDPRICES.COM, RARECOINS.COM, RARECOINS.ORG, and SILVERINFO.NET to the Plaintiff, pursuant to 15 USC 1125(d)(1)(C).

2. A declaration that Plaintiff is the proper owner of the domain names at issue in this matter.

3. Such further relief as this Court may deem just and proper.

Respectfully submitted,

_____
Eric J. Menhart*
* Pending Admission *Pro Hac Vice*
Lexero Law
1200 G St NW Suite 800
Washington, DC 20005
Phone: 202-904-2818
Fax: 202-403-3436
Eric.Menhart@Lexero.com


_____
Lynndolyn Mitchell Esq. Va. bar No. 35241
Law Offices of Lynndolyn Mitchell PC
Local Counsel for Eric Menhart, Esq.
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
Phone: (301) 340-2541
Fax: (240) 238-7061
Lynndolyn@lynnmitchell4law.com